PEOPLE, PLAINTIFF AND APPELLEE, *v.* SALCEDO, DEFENDANT AND APELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Aggravated Assault and Battery.

No. 1458.—Decided March 2. 1920.

ASSAULT AND BATTERY—EVIDENCE.—It is not error to permit an expert witness to testify as to the actual state of the wounds inflicted or to the kind of weapon which probably produced them.

ID.—ID.—Although the prosecuting witness may not have identified the weapon with which the attack was made, if the testimony of other witnesses followed the trail of the weapon up to its presentation at the trial, the court did not err in admitting it in evidence.

The facts are stated in the opinion.

*Messrs. Carmelo Honoré* and *G. Altiery* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a prosecution for an assault with intent to kill and the jury found the defendant guilty of assault and battery with aggravated circumstances. Some words or supposed words of censure made by the prosecuting witness, a doctor in a Red Cross Hospital, to the defendant, likewise working there, made the latter sullenly furious, and he stole

up on the said prosecuting witness on the street and with a blunt iron instrument and a club caused very serious injuries to the said prosecuting witness. On conviction the defendant was sentenced to nine months in jail.

There are six assignments of error but some of them may be grouped together. It was not error to permit an expert witness to testify as to the actual state of the wounds or to the kind of weapon which probably produced them. This disposes of the first two assignments.

The alleged fourth assignment says that the court committed error in admitting the testimony of the prosecuting witness, as it was argumentative, remote and irrelevant. Without more specification of the evidence actually admitted, the assignment is worthless. We do not find that the testimony of the prosecuting witness in relating the quarrel and the attack was too remote or irrelevant.

Similar considerations apply to the fifth assignment of error, namely, that the testimony of a witness who saw the attack was impertinent and irrelevant.

The third and sixth assignments of error relate to the undue admission of a club and of an iron weapon or monkey-wrench, purporting to be the instruments with which the attack was made. We find no proof of the admission of the club and the only thing in the record which justifies these assignments is on page 26, where the *fiscal* offers in evidence the iron with which the attack was made, saying that it had been identified by the prosecuting witness. The defense objected on the ground that the weapon had been identified neither by the prosecuting witness nor by anyone else. The prosecuting witness, in point of fact, did not identify the weapon, but he did testify to being struck by a club or iron. He did not recognize the weapon when it was shown to him. A policeman, however, said that he took the weapon shown him from a bystander, Benito Soler; another witness says that a person picked up the object shown the witness and he thinks that person was Benito Soler, who also picked up a medical

instrument belonging to the prosecuting witness, and still another witness says that he saw Benito Soler when he picked up the iron. This would seem to be identification enough.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.